IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.    GEOFFREY SZYMANSKI, | ) | |
| | ) | |
|        Plaintiff, | ) | |
| v. | ) | CIV-17- 390-F |
| | ) | |
| 1.    COXCOM, LLC, | ) | |
| 2.    COX COMMUNICATIONS, | ) | |
|       INC., and | ) | |
| 3.    COX SYSTEMS TECHNOLOGY, | ) | |
|       INC., | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
|        Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Geoffrey Szymanski, on behalf of himself and other similarly situated individuals, hereby submits this Complaint against Defendants, CoxCom LLC, Cox Communications, Inc., and Cox Systems Technology, Inc., on the following allegations:

### INTRODUCTION

1. This is an action for violation of state and federal wage and hour laws by and on behalf of all former and current non-exempt employees of Defendants, referred to below as "Covered Employees." The Covered Employees include Plaintiff and his co-workers within Defendants' employ, who were all similarly required to perform integral and indispensable work activities off the clock, without receiving regular and overtime compensation. Pursuant to Defendants' common policy, plan and/or practice, these employees have been classified by Defendants as hourly, non-exempt employees who were

required to work hours off-the-clock for which they were denied regular and overtime compensation.

2.    In this pleading, the term "Covered Employees" defines the prospective class, which includes any and all former or current individuals employed by Defendants within the United States who: (a) were given the job title of "Universal Home Technician" or any similar job title or position that performed similar duties as the named Plaintiff, and (b) were not paid regular and/or overtime wages for hours worked by said individuals at any time from three years before the filing of this Complaint.[1]

3.    At all relevant times to this Complaint, Defendants have engaged in and continue to engage in a pattern, practice and policy of willfully failing and refusing to pay Covered Employees regular and overtime compensation due and owing to Covered Employees in violation of federal and state law.

4.    Defendants implemented and enforced unlawful policies and practices in violation of state and federal law, by failing and refusing to pay Covered Employees overtime pay for overtime worked, notwithstanding Covered Employees were not and are not exempt and are and have been entitled to payment for regular and overtime pay.

5.    Defendants maintained policies and practices whereby they failed to keep accurate time records and Covered Employees were not paid regular and overtime pay.  And,

---

[1] Below, Plaintiff asserts an FLSA class nationwide and an OPLA class for those who worked in Oklahoma.

Defendants retaliated against Plaintiff following his complaint that he and other Covered Employees were being required to work off-the-clock, in violation of federal law and Oklahoma public policy.

6. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"), and the Oklahoma Protection of Labor Act ("OPLA"), 40 O.S. § 160, *et seq.*, for Defendants requiring Plaintiff and other similarly situated employees to perform integral and indispensable work activities off the clock, without payment of regular and overtime compensation. Plaintiff individually alleges retaliation in violation of the FLSA and a *Burk* tort due to his termination following his complaint that he and other Covered Employees were required to work off-the-clock. Defendants' actions were and are willful.

## JURISDICTION AND VENUE

7. Jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1367. Plaintiff brings this representative action for himself and on behalf of others similarly situated pursuant to 29 U.S.C. §216(b) of the FLSA. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claims as they arises out of the same core of operative facts as the federal claim and jurisdiction over it is vested in this Court under 28 U.S.C. § 1367(a).

8. Venue is proper in this Court under 28 U.S.C. § 1391(b).

## PARTIES

9. Plaintiff resides in Cleveland County, Oklahoma. He was employed by

Defendants from in or around June 2015 until on or about December 2, 2016.

10. Defendants CoxCom, LLC, Cox Communications, Inc., and Cox Systems Technology, Inc. are entities registered to do business in Oklahoma County and regularly conduct business within the geographical area encompassed by the United States District Court for the Western District of Oklahoma.

## STATEMENT OF FACTS

11. Plaintiff was hired as a Universal Home Technician in or around June 2015 and held such position throughout his employment with Defendants. In this position, Plaintiff traveled to Defendants' customers' homes to install and repair telephone service.

12. At all relevant times, Defendants classified Plaintiff as an hourly, non-exempt employee (that is, as eligible for overtime).

13. At all relevant times, Defendants classified other Covered Employees as non-exempt employees, paying them on an hourly basis.

14. Plaintiff and other Covered Employees were required to work in excess of forty (40) hours per week without being paid regular or overtime compensation for such work.

15. Defendants required Plaintiff and other similarly situated employees to perform integral and indispensable work activities throughout the day without receiving compensation for such work.

16. By way of example, Plaintiff and other Covered Employees were firmly instructed on numerous occasions that they could not clock-in until the designated start of

their shift, i.e., when they arrived at the first customer's home for the day.

17. That is, Plaintiff and other Covered Employees were typically scheduled to work from 8:00 a.m. to 7:00 p.m., four (4) days per week. However, Plaintiff and other Covered Employees were required to perform work before the start of their shift. More particularly, each work day Plaintiff was required to log in to a company application (via company phone or tablet) and check his route for the day. Following log in, Plaintiff was required to call the first customer at least fifteen (15) minutes before his designated arrival time to notify the customer. As such, although Plaintiff and other Covered Employees were instructed not to clock-in until the designated start of his/their shift at 8:00 a.m., Plaintiff and other Covered Employees were required to log-in to check their work route, review their assignments for the day, and call his/their first customer by 7:45 a.m., before actually clocking-in. After the call was complete, Plaintiff was then required to drive to the customer's home, clock-in, and continue work for the day.

18. In addition, Plaintiff and other Covered Employees were required to take a one (1) hour lunch break each shift. However, Plaintiff was required to log in to his first job after lunch within five (5) minutes of the end of his lunch break, regardless of where the job was located. Plaintiff was also required to call the customer to advise of his arrival fifteen (15) minutes before his arrival. This required Plaintiff and other Covered Employees to perform work during their lunch break while off-the-clock.

19. These activities constitute compensable work time under the FLSA; however,

Defendants have refused and continue to refuse to provide Plaintiff, and other similarly situated employees and former employees regular and/or overtime pay for these activities.

20.     Defendants maintained and, upon information and belief, continue to maintain a policy or practice, which denies the payment of wages and overtime for the periods of time that Plaintiff and other Covered Employees were performing work, but not clocked-in.

21.     In or around November 2015, Plaintiff raised the issue of working off the clock at a staff meeting with supervisor Mark Myers. Plaintiff asked Myers whether Defendants required him to be off-the-clock when he made his 7:45 a.m. pre-call to his first customer. Myers responded "use your best judgment." Plaintiff then said "so we are working off-the-clock, correct?" Myers' merely smiled and changed the subject.

22.     Within weeks, on or about December 2, 2016, Plaintiff was terminated by Area Operations Manager James Whitcomb (Myers' Supervisor). Plaintiff was told the reason for his termination was that the times Plaintiff said he was at a customer's home, the customer's recollection of such times, and Plaintiff's GPS records in his company vehicle, did not match. Whitcomb also accused Plaintiff of not having his orange safety cone out by his vehicle at a customer's home on one occasion. However, such reason was false and in retaliation for Plaintiff's opposition to Defendants' unlawful pay practices.

23.     Plaintiff's orange cone was often stolen while he was in the home and unable to prevent the theft. This is a common occurrence for Universal Home Technicians, such that many Technicians keep extra cones in their trucks for this reason.

24.	Moreover, Plaintiff did not reflect false times that he was in a customer's home and told Whitcomb the same. For instance, Whitcomb noted that at a job Plaintiff worked earlier in the week, Plaintiff moved his company van approximately twenty (20) feet at the end of the job, but did not leave. Plaintiff told Whitcomb that Plaintiff was attempting to close out the job on his company-provided tablet, however, the tablet did not have good Internet reception where it was parked. Thus, Plaintiff moved his van around the corner from the customer's house to complete closing out the job. Despite Plaintiff's explanation of these situations, he was terminated.

## COUNT I: FLSA INDIVIDUAL AND COLLECTIVE ACTION ALLEGATIONS

25.	The foregoing paragraphs, and their respective subparagraphs, are incorporated by reference as though set out in full.

26.	Plaintiff brings this action for violation of the FLSA on behalf of himself and members of the prospective class who work or worked for Defendants. Upon information and belief, such unlawful conduct is continuing to occur. Plaintiff brings his Complaint pursuant to 29 U.S.C. § 216(b). Plaintiff is a member of the prospective class he seeks to represent.

27.	The prospective FLSA class is any and all former or current individuals employed by Defendants within the United States who:

(a)	were given the job title of "Universal Home Technician" or any similar job title or position that performed similar duties as the named Plaintiff;
(b)	were classified as non-exempt from overtime laws;
(c)	were not paid regular and/or overtime wages for hours worked by said

individuals at any time from three years before the filing of this Complaint ("FLSA class").

28. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed Plaintiff and the Covered Employees as "employee[s]" within the meaning of the FLSA. Defendants continue to employ Covered Employees. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

29. At all relevant times, Plaintiff and other Covered Employees were not exempt from the overtime wage provisions of the FLSA.

30. Throughout the statute of limitations period covered by these claims, Plaintiff and other Covered Employees regularly worked off-the-clock and in excess of forty (40) hours per workweek. Some of the Covered Employees continue to do so.

31. At all relevant times, Defendants have had, and continue to operate under a common policy, plan and/or practice, under which it has willfully required Plaintiff and Covered Employees to work off-the-clock, resulting in unpaid wages and over time wages. Defendants have willfully failed to keep records required by the FLSA, even though Plaintiff and the other Covered Employees have been and continue to be entitled to wages for time worked off-the-clock, including regular pay and overtime.

32. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Covered Employees at the required regular wages and overtime rates

for hours worked in excess of forty (40) hours per week by requiring employees to work off-the-clock and not accounting for such time when calculating employees' pay.

33.     As a result of Defendants' willful and unlawful conduct Plaintiff and other Covered Employees have been damaged.

34.     The relief necessary to remedy Plaintiff's claims is the same as that necessary to remedy the claims of those other Covered Employees.

35.     Plaintiff, on behalf of himself and the other Covered Employees, seeks damages in the amount of regular wages, the unpaid overtime compensation owing, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### COUNT II: OPLA INDIVIDUAL AND CLASS ACTION ALLEGATIONS

36.     The foregoing paragraphs, and their respective subparagraphs, are incorporated by reference as though set out in full.

37.     Defendants are employers as defined in the OPLA, Okla. Stat. tit. 40 §165.1.

38.     At all relevant times, Plaintiff was not classified as an exempt employee under the provisions of the OPLA, Okla. Stat. tit. 40 §165.1.

39.     Under the OPLA, Okla. Stat. tit. 40 §160, *et seq.,* employers must pay employees all wages, including overtime pay in lawful money of the United States, at least twice each calendar month on regular paydays.

40.     Defendants violated the OPLA by failing to compensate Plaintiff, and the class

of individuals in Oklahoma whom he represents, for time worked off-the-clock each day, including regular and overtime pay.

41. As a result of Defendants' unlawful conduct, Plaintiff, and the Oklahoma class he represents, have been damaged.

42. Pursuant to the OPLA, Okla. Stat. tit. 40 §160, Plaintiff, and the Oklahoma class members he represents, are entitled to recover unpaid wages, plus liquidated damages, costs and attorneys' fees.

43. Plaintiff brings this action on his own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and OPLA on behalf of all members of the following Class (the "OPLA" Class):

All people working in Oklahoma who were:

(a) Employed by Defendants during the Class Period as all persons who have been, are, or in the future will be employed by Defendants as a Universal Home Technician or any similar job title or position that performed similar duties as the named Plaintiff;
(b) Classified as non-exempt from overtime laws; and
(c) Subject to Defendants' unlawful compensation policies of failing to pay wages for time worked and failure to pay overtime compensation for all hours worked in excess of forty hours per week at any time from three years before the filing of this Complaint.

Specifically excluded from this Class are Defendants' employees properly classified as exempt.

44. Plaintiff does not know the exact size of the OPLA Class. Upon information and belief, Defendants employ approximately 160 Universal Home Technicians in Oklahoma, not including others who performed similar work. Plaintiff believes there are

numerous class members, such that joinder of all class members would be impracticable.

45. Plaintiff's claims are typical of the claims of the OPLA Class, and Plaintiff will fairly and adequately protect the interests of the OPLA Class. Plaintiff's interests are coincident with and not antagonistic to, those of the members of the OPLA Class. Plaintiff has retained competent counsel experienced in representative actions and employment litigation.

46. Common questions of law and fact exist with respect to the claims set out herein, including:

   a) Whether Defendants have had a common policy, plan and/or practice regarding the non-payment of wages, the non-payment of overtime, and the computation of overtime for its employees;

   b) Whether Plaintiff and the OPLA Class members have all been subject to Defendants' common policy, plan and/or practice regarding work off-the-clock and overtime pay;

   c) Whether Defendants engaged in conduct that violated the OPLA when Defendants failed to pay for time worked by Plaintiff and the OPLA Class members, including overtime pay;

   d) Whether Defendants' unlawful conduct caused injury to Plaintiff and the OPLA Class members, and, if so, the appropriate measure of damages for each of the Classes;

e) Whether the Plaintiff and the OPLA Class members should be awarded liquidated damages under Oklahoma state law.

47. These questions, and other questions of law and fact, are common to the OPLA Class and predominate over any questions affecting only individual class members, including legal and factual issues relating to liability and damages.

48. Class action treatment is a superior method for the fair and efficient adjudication of this controversy because:

a) It will avoid multiplicity of suits and consequent burden on the courts and Defendants;

b) It would be virtually impossible for all members of the OPLA Class to intervene as parties-plaintiff in this action;

c) It will allow numerous individuals with claims too small to adjudicate on an individual basis because of the prohibitive cost of this litigation, to obtain redress for their economic injuries; and

d) It will provide court oversight of the claims process, once Defendants' liability is adjudicated.

49. Adequate notice to the members of the OPLA Class is possible under Rule 23(b)(3).

### COUNT III: FLSA Retaliation

50. The foregoing paragraphs, and their respective subparagraphs, are incorporated

by reference as though set out in full.

51. This claim is brought by Plaintiff individually.

52. The actions described above constitute retaliation in violation of the FLSA.

53. More particularly, Plaintiff is entitled to relief because he engaged in a protected activity by questioning his supervisor regarding work off-the-clock, he was terminated, and there is a causal connection between his termination and his protected activity (i.e., close temporal proximity).

54. Plaintiff is entitled to all damages allowable under federal law, including but not limited to wage loss, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT IV: *Burk* Tort

55. The foregoing paragraphs, and their respective subparagraphs, are incorporated by reference as though set out in full.

56. This claim is brought by Plaintiff individually.

57. The acts above-described constitute a violation of Oklahoma's public policy which prohibits wrongful termination and retaliation against a whistle-blower for performing an act consistent with a clear and compelling public policy, i.e., refusing to participate in an illegal activity; performing an important public obligation; exercising a legal right or interest; exposing some wrongdoing by the employer; and performing an act that public policy would encourage or, for refusing to do something that public policy would condemn.

58. Such public policy is embodies in Oklahoma statute, including but not limited to 40 O.S. §165.1 *et. seq.*, (which sets forth a clear statutory scheme which requires covered employers to pay wages due to their employees, including regular wages and overtime) and 40 O.S. § 199 (which criminalizes the discharge of an employee for taking actions or exercising their rights under the OPLA).

59. Plaintiff has suffered injuries and is entitled to recovery all damages or other relief allowed by state law, including but not limited to, lost wages (past and future), emotional distress damages, punitive damages, and attorney's fees and costs.

## **REQUEST FOR RELIEF**

Plaintiff, on behalf of himself and others similarly situated, request:

A. Certification of this action under 29 U.S. § 216(b), as it relates to Plaintiff's claims for violations of the FLSA, and under F.R.C.P. 23(b)(3) and 12 O.S. § 2023, as it relates to Plaintiff's claims for violations of the OPLA;

B. Designation of Plaintiff as the class representative pursuant to Rule 23 and designation of his counsel as Class Counsel;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and OPLA;

D. A finding that Defendants have willfully violated the FLSA and OPLA;

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. An award of attorneys fees and costs, to be paid by Defendants;

G. An award of prejudgment and post-judgment interest, as provided by law; and

H. Such other and further legal and equitable relief as the Court deems necessary, just and proper.

**RESPECTFULLY SUBMITTED THIS 6th DAY OF APRIL, 2017.**

s/Jana B. Leonard
JANA B. LEONARD, OBA# 17844
LAUREN W. JOHNSTON, OBA # 22341
SHANNON C. HAUPT, OBA #18922
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800   (telephone)
(405) 239-3801   (facsimile)
leonardjb@leonardlaw.net
johnstonlw@leonardlaw.net
haupts@leonardlaw.net

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

15