## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEOFFREY SZYMANSKI, | ) |
| | ) |
| Plaintiff, | ) CASE NO.: 5:17-CV-390-F |
| | ) |
| v. | ) |
| | ) |
| COXCOM, LLC and COX COMMUNICATIONS, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **CONSENT MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO THE FAIR LABOR STANDARDS ACT**

Defendants CoxCom, LLC and Cox Communications, Inc. (collectively, "Defendants"), by and through their undersigned counsel, hereby move the Court to enter an Order approving the parties' settlement and release of all claims in this civil action and dismissing such claims with prejudice. Plaintiff Geoffrey Szymanski ("Plaintiff") does not oppose this motion, but does not believe that this Court's approval of the settlement and release is necessary or required in this instance.

**A.     Settlement of FLSA Claims**

The parties to a lawsuit arising under the Fair Labor Standards Act ("FLSA") may settle and release those FLSA claims in one of two ways. The first, which does not apply in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). The second, which is applicable here, permits judicial approval of disputed claims on terms that are fair and reasonable:

1

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Requiring court approval of such settlements [] effectuates the purpose of the FLSA." *Valdez v. Se. Kan. Indep. Living Resource Ctr., Inc.*, No. 10-1194-KHV/DJW, 2011 WL 1231159, at *1 (D. Kan. Mar. 29, 2011).[1]

**B.   The Parties' Settlement Agreement is a Fair and Reasonable Resolution of the Bona Fide Disputes between the Parties**

In the instant matter, following extensive good faith, arms-length negotiations, Plaintiff and Defendants (collectively, the "Parties") reached a settlement of all of Plaintiff's claims, including his claims arising under the FLSA. Thus, to effectuate and approve these settlement terms, "the Court must find that the litigation involves a bona fide

---

[1] It is Plaintiff's position that parties may independently resolve FLSA actions without Court approval. *See Manohar, et al. v. Sugar Foods, LLC*, 2017 WL 3173451, at *2 n.1 (D. Colo. July 26, 2017) (citing *Ruiz v. Act Fast Delivery of Colo., Inc.*, No. 14-CIV-00870 (d. Colo. Jan. 9, 2017). Defendants, however, do not agree given case law in this and other Circuits. *See, e.g., Lynn's Food Stores, Inc,* 679 F.2d at 1353 (requiring court approval of FLSA settlement); *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Ca. 2016) (same); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (same); *Peter v. Care 2000 Home Healthcare Servs. of Hutchinson, Inc.*, No. 11-1328-KHV/DJW, 2013 WL 441069, at *1 (D. Kan. Feb. 5, 2013) (same). Nevertheless, Plaintiff has agreed to the filing of this Motion.

2

dispute and that the proposed settlement is fair and equitable to all parties concerned." *Gilmore v. L.D. Drilling, Inc.*, No. 16-2416-JAR-TJJ, 2016 WL 6905884, at *1 (D. Kan. Nov. 22, 2016).

First, a bona fide dispute exists between the Parties regarding the FLSA claims at issue in this lawsuit. In this regard, Plaintiff contends that he is entitled to compensation for time he allegedly worked off-the-clock before beginning his shifts and during his meal breaks. Defendants deny Plaintiff's allegations and dispute liability for these claims. Due to the uncertainties of litigation, contested facts regarding the applicable method and rate for calculating damages, the availability of liquidated damages, the hours worked by Plaintiff, and the benefit to both Parties in avoiding the expense and time associated with further litigation, this settlement represents a compromise of the bona fide disputes at issue.

Second, the settlement is fair and reasonable for both Plaintiff and Defendants. In deciding whether an FLSA settlement is reasonable, District Courts in this Circuit have looked at the following factors:

> (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.

*Morton v. Transcend Servs.*, No. 15-cv-01393-PAB-NYW, 2017 WL 977812, at *2 (D. Colo. Mar. 13, 2017) (approving FLSA settlement). At all times, the Parties have been represented by counsel experienced in FLSA litigation who have zealously represented their clients' respective interests and "fairly and honestly negotiated the settlement." *Id.*

3

Indeed, the Parties negotiated the terms of settlement in good faith, and there has been no undue influence, overreaching, collusion, or intimidation.  Further, the questions of law and fact concerning whether Plaintiff is entitled to compensation for alleged off-the-clock work are in dispute, rendering the potential outcome of this litigation unsettled.  Additionally, the terms of settlement on Plaintiff's alleged unpaid wages claim are fair and judicious, and the expense of litigation through trial would have far exceeded the potential value of this case.  Finally, the settlement affords reasonable attorney's fees to Plaintiff's counsel.  For these reasons, the Parties expressly agree that the settlement reflects a sensible compromise of the disputed issues, and importantly, Plaintiff is satisfied that the amount he is to receive as part of the settlement of this action represents a fair and reasonable compromise of his claims for unpaid wages pursuant to the FLSA.[2]

Attached hereto as Exhibit 1 (filed under seal) is a copy of the settlement agreement.[3]  For the foregoing reasons, the Parties jointly and respectfully request that the Court: (1) approve the settlement agreement and release and; (2) upon approval of the settlement, dismiss the case against Defendants with prejudice.  Pursuant to LCvR 5.5 and Section II.G of the ECF Policies and Procedures Manual, Defendants will submit a Proposed Order via Judge Friot's designated mailbox concurrently with the filing of this Motion.

---

[2] All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

[3] Pursuant to the Court's order dated September 21, 2017, Exhibit 1 has been filed under seal.

Respectfully submitted, this 2nd day of October, 2017.

                    KABAT CHAPMAN & OZMER LLP

By: */s/ Shawna M. Miller*
     Michael D. Kabat, *Pro Hac Vice*
     Joseph W. Ozmer II, *Pro Hac Vice*
     Shawna M. Miller, *Pro Hac Vice*
     171 17th Street NW, Suite 1550
     Atlanta, Georgia 30363
     T:  (404) 400-7300
     F:  (404) 400-7333
     mkabat@kcozlaw.com
     jozmer@kcozlaw.com
     smiller@kcozlaw.com

     MCAFEE & TAFT, P.C.
     Lauren Barghols Hanna, OBA #21594
     10th Floor, Two Leadership Square
     211 N. Robinson
     Oklahoma City, Oklahoma 73102
     T:  (405) 552-2343
     F:  (405) 228-7343
     lauren.hanna@mcafeetaft.com

     *Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEOFFREY SZYMANSKI )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>COXCOM, LLC and COX )<br>COMMUNICATIONS, INC., )<br>)<br>  Defendants. )<br>_____ ) | CASE NO.: 5:17-CV-390-F |

## [PROPOSED] ORDER

Having reviewed the Consent Motion for Approval of Settlement Agreement Pursuant to the Fair Labor Standards Act ("Motion to Approve") (Dkt. No. 44), and upon review of the private settlement agreement agreed to by the parties in this action, the Court concludes that the terms of the settlement agreement are the product of arm's length bargaining of qualified counsel and are fair, adequate, and reasonable. This Court thereby GRANTS the Motion to Approve and orders that the above-styled action be DISMISSED WITH PREJUDICE as against Defendants CoxCom, LLC and Cox Communications, Inc.

This the _____ day of _____, 2017.

_____
The Honorable Stephen P. Friot
Chief United States District Judge

1

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **CONSENT MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO THE FAIR LABOR STANDARDS ACT** with the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants. Counsel of record are:

> Jana B. Leonard
> Lauren W. Johnston
> Shannon C. Haupt
> Leonard & Associates, P.L.L.C.
> 8265 S. Walker
> Oklahoma City, OK 73139
> (405) 239-3800
> leonardjb@leonardlaw.net
> johnstonlw@leonardlaw.net
> haupts@leonardlaw.net

Dated: October 2, 2017

By:   */s/ Shawna M. Miller*
      Shawna M. Miller
      KABAT CHAPMAN & OZMER LLP
      171 17th Street NW, Suite 1550
      Atlanta, Georgia 30363